IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BRIAN ROBERTS | § | |
| v. | § | CIVIL ACTION NO. 5:22cv61-RWS-JBB |
| WARDEN SHUR, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Christopher Roberts, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas. The named Defendants are Telford Unit Warden Shur, the Telford Unit administration, the University of Texas Medical Branch dental program, the Telford Unit mailroom and law library, and the Telford Unit chaplain's office.

In his complaint, Plaintiff asserts that the Telford Unit is short-staffed, which causes inmates to not have reasonable safety. He says that the unit administration sees that inmates receive no recreation and are fed poorly, and the dental department limits the care given to pulling teeth and scheduling surgery. Plaintiff also complains that the mailroom has given inconsistent statements as to when federal stimulus checks were received and that the chaplain's office "has written hundreds of property papers for Kairos crosses not from commissary."

Plaintiff further asserts that there are rats and roaches on 8 Building and inmates can only shower weekly. He says that the unit ignores due process for disciplinary cases and has neglected religious services for certain custody levels. Plaintiff also complains that the unit does not provide notary services, has deprived inmates of property and denied research into the Texas Tort Claims

1

Act, and has held legal mail until a habeas corpus petition was dismissed. He does not indicate that he lived in 8 Building, incurred any disciplinary cases or suffered a denial of religious freedom, nor that it was his habeas corpus petition which was dismissed.

Plaintiff has not contacted the Court since filing his lawsuit in May of 2022. As such, he has failed to prosecute his case. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Rule 41(b), F. R. Civ. P.; *see Wheatley v. Scott*, civil action no. 1:12cv317, 2018 WL 3371925 (E.D. Tex., June 15, 2018), *report adopted at* 2018 WL 3369422 (E.D. Tex., July 10, 2018) (lawsuit dismissed for failure to prosecute after the plaintiff did not contact the Court for some two years; *Callier v. Cain*, civil action no. 3:11cv2144, 2012 U.S. Dist. LEXIS 93830, 2012 WL 2602958 (W.D. La., June 6, 2012), *report adopted at* 2012 WL 2674595 (W.D. La., July 3, 2012) (stating that "indeed, the evidence suggests that he no longer wishes to pursue this matter since he has not contacted the court since he submitted his *in forma pauperis* application on January 25, 2012, some four months ago"). The lawsuit may be dismissed on this basis.

However, Plaintiff's case suffers from a more significant flaw. He names as Defendants the Warden of the Telford Unit and several entities, including the unit administration, the dental department, the mailroom, the law library, and the chaplain's office. All of these unit entities are sub-units of the Texas Department of Criminal Justice or the University of Texas Medical Branch, and have no separate legal existence; thus, they cannot be sued in their own names. *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991); *Kandl v. Hurt*, civil action no. 6:11cv516, 2012 WL 12878321 (E.D. Tex., April 12, 2012) (order of partial dismissal), *aff'd sub nom. Kandl v. Clayton*, 558 F.App'x 2014 (5th Cir. 2014) (Brace and Limb Medical Clinic was a sub-unit of the University of Texas Medical Branch and could not be sued in its own name). Plaintiff has failed to state a claim upon which relief may be granted against the unit administration, the dental department, the mailroom, the law library, and the chaplain's office.

The only claim Plaintiff sets out against Warden Shur is "the unit is so short-staffed, offenders do not have reasonable safety." Dkt. No. 1, p. 3. He does not explain how Warden Shur is responsible for the short-staffing. The Fifth Circuit has explained that a government official may be held liable under 42 U.S.C. § 1983 if he was personally involved in a violation of constitutional rights, if there is a sufficient causal connection between his conduct and the violation, or if he implemented an unconstitutional policy or custom which led to the violation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

Nor can Warden Shur be held liable solely because of his position of authority. The Fifth Circuit has held that supervisory officials are not vicariously liable under §1983 theory of supervisory liability for any actions or omissions by their employees. *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 419 (5th Cir. 2017); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*).

Instead, a supervisor may be held liable if he or she affirmatively participates in the acts causing a constitutional deprivation or implements unconstitutional policies which causally result in the constitutional injury. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). Plaintiff has not alleged any facts showing that Warden Shur affirmatively participated in acts causing a constitutional deprivation or implemented unconstitutional policies or customs resulting in a constitutional injury. *See Spiller v. City of Texas City, Texas Police Department*, 130 F.3d 162, 167 (5th Cir. 1997) (in order to satisfy the cause in fact requirement, the plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that his injuries resulted from the execution of the policy or custom; the description of the policy or custom and its relationship to the underlying constitutional violation cannot be conclusory, but must contain specific facts). He offers nothing to suggest that Warden Shur is responsible for the fact that the Telford Unit is understaffed, nor that the warden is deliberately indifferent to the risk of understaffing. *Hinojosa v. Johnson*, 277 F.App'x 370, 379 (5th Cir. 2008) (affirming dismissal of

claims against supervisory officials where there was no evidence that these officials affirmatively participated in any unconstitutional acts or implemented a policy of understaffing); *see also Miles v. Wilkinson*, civil action no. CV06-1079-A, 2013 U.S. Dist. LEXIS 146359 (W.D. La., August 2, 2013), *report adopted at* 2013 U.S. Dist. LEXIS 146354, 2013 WL 5592412 (W.D. La., October 9, 2013), (*citing Greason v. Kemp*, 891 F.2d 829, 838 (11th Cir. 1990)). Evidence of understaffing, without more, is not proof of official policy; rather, understaffing becomes proof of official policy only if more complete funding and staffing were possible and it is the deliberate intent of the policy-making official not to adequately fund and staff the facility. *Gaqne v. City of Galveston*, 671 F.Supp. 1180, 1135 (S.D. Tex. 1987), *aff'd* 851 F.2d 359 (5th Cir. 1988). Plaintiff has failed to state a claim upon which relief may be granted against Warden Shur.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*. at 678.

Plaintiff's allegations wholly fail to set out sufficient facts that, taken as true, state a claim for relief which is plausible on its face. Consequently, his lawsuit should be dismissed; in the interest of justice, however, such dismissal should be without prejudice.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute and failure to state a claim upon which relief may be granted.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed finding is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 23rd day of January, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE